FILED
JEANNE A. NAUGHTON, CLERK
JAN - 8 2020
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| In Re:<br><br>Andrew S. Rusciano,<br><br>                                   Debtor. | Case No.:  15-32888-ABA<br><br>Adv. No.:  19-02226-ABA |
|---|---|
| Andrew S. Rusciano,<br>                          Plaintiff<br><br>v.<br><br>City of Atlantic City,<br>                          Defendant. | Chapter:  13<br><br>Judge:  Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

This matter was brought before the court by the defendant, City of Atlantic City, (the "City") through its Motion to Dismiss Adversary Proceeding (the "Motion") (Doc. No. 5).[1] The adversary proceeding was initiated by Andrew S. Rusciano (the "Debtor") through the filing of a complaint (the "Complaint") (Doc. No. 1) requesting the court to enter a declaratory judgment against the City and demand (1) the filing of an involuntary bankruptcy petition on behalf of the City; (2) detailed accounting by the City; (3) the amount of debt the City has; (4) information on any criminal or civil wrongdoing by the City, its officers, or any parties it does business with; and (5) an order to cancel the record that Debtor is the owner of 1318-20 Pacific Avenue, Atlantic City, NJ 08401 (the "Property"). Because the court finds that it cannot afford the debtor the relief he requests, the Motion is granted with prejudice.

### JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O) and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

---

[1] The Motion was titled "Motion of Defendant City of Atlantic City to Dismiss Complaint Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) or for Summary Judgment Pursuant to Federal Rule of Bankruptcy Procedure 7056." As the City filed the Motion in lieu of an answer, the court is treating the Motion solely as a motion to dismiss, and not a motion for summary judgment. Thus, the court will not consider any facts alleged in the motion that were not part of the Debtor's complaint.

## PROCEDURAL HISTORY

On November 1, 2019, the Debtor filed the Complaint. In lieu of an answer, the City filed the Motion. On December 11, 2019, the Debtor filed opposition to the Motion. (Doc. No. 8). In that opposition, the Debtor raised for the first time a possible Section 1983 claim by stating "if government officials overstep their authority, victims may be able to file a lawsuit for the damages that result with Section 1983 Lawsuits." (*Id.* at ¶ 3). The Debtor asked the court to deny the Motion and allow him to conduct discovery to enable him to support his claim. On December 17, 2019, the City filed a reply arguing that even if the Debtor plead a valid claim against the City, including the Section 1983 claim, the court lacks jurisdiction. (Doc. No. 9). The City also asked that if the Debtor commences any further actions against the City and/or its retained professionals, and if such actions are dismissed, and/or summary judgment is granted in favor of the City, Debtor be required to pay the City's costs and expenses incurred in order to defend such action.

A hearing was held on December 23, 2019 at which time the parties presented all of their arguments to the court. At that time, as to the demand for the filing of an involuntary bankruptcy petition on behalf of the City, the Debtor conceded that he could not pursue this type of relief against the City and agreed to voluntarily dismiss that portion of the Complaint with prejudice. As to the Debtor's demand in his Complaint for a detailed accounting by the City; the amount of debt the City has; and information on any criminal or civil wrongdoing by the City, its officers, or any parties it does business with, the Debtor could not explain how these matters were cases and/or proceedings under, arising under, arising in, and/or related to a case under title 11. In further support of its Motion, the City proffered that if any such claim(s) exists, which it fully disputes, the Debtor has other remedies available to it outside this court including, but not limited to, the right under the Open Public Records Act ("OPRA") to obtain some of the information the Debtor requested. The Debtor needed to do so through the proper channels, which is not the bankruptcy court.

As to the Debtor's demand for an order to cancel the record that Debtor is the owner of the Property, the City's attorney admitted that the Property might still be in the Debtor's name and would have that issue immediately remedied. The attorney also stated he was not aware of the City trying to collect taxes on the Property against the Debtor, but would follow up with a certification. Following the hearing, a certification was submitted by Kacey B. Johnson, City Tax Collector for the City of Atlantic City (the "Tax Collector Certification"), certifying that the City's tax records were revised to reflect that the Property is no longer owned by the Debtor but rather in the name of the entity named on the sheriff's deed. As proof, it attached its own business record evidencing the change. (Doc. No. 12). The City also certified that no taxes are owed from the Debtor to the City with regard to the Property. (*Id.*).

The Debtor filed a response to the Tax Collector Certification, (Doc. No. 14), attaching an irrelevant document from the State of New Jersey, Department of Treasury, Division of Taxation dated January 10, 2019 purporting to show that the City did not make the recent change and asking the court to further delay its decision making.

This matter is now ripe for disposition.

## FINDINGS OF FACT

The Debtor has conceded that he cannot pursue an involuntary bankruptcy case against the City. And while the Debtor states that he has many "facts" to show that the City is insolvent and that its officials are acting in unethical ways or as part of an unlawful scheme, especially in regard to property taxes and property transactions, his allegations do not, and he has produced nothing to, support that his case or proceeding against the City is a matter under, arising under, arising in, and/or related to a case under title 11. Moreover, the Tax Collector has certified: "There are no taxes due and owing to the City from Plaintiff with regard to the Property." (Doc. No. 12, ¶ 6). So, there are no facts to support any claim for relief asserted by the Debtor or which evidence that he is currently suffering a harm by the City in his bankruptcy case.

In addition, without question, the Debtor himself used to own the Property. However, the Property was sold at a sheriff's sale and a sheriff's deed was entered on January 15, 2019 transferring the Property to 1318 Pacific Avenue LLC. (Doc. No. 1-1, p.5). The Debtor argues that even though the Property was sold at a foreclosure sale the Debtor is still listed as the owner on "official records," and thus is being charged taxes. (Doc. No. 1, p. 5, ¶ 10). But that issue has been put to rest as evidenced by the Tax Collector Certification, wherein the Tax Collector certified that the City's tax records were revised to correctly reflect that the Property is no longer owned by the Debtor but rather in the name of 1318 Pacific Avenue LLC. Indeed, proof of same was attached. The City also certified that no taxes are owed from the Debtor to the City with regard to the Property. So, there are no facts to support any claim asserted by the Debtor and/or to grant the Debtor any relief with regard to the Property being listed in the Debtor's name.

## LEGAL DISCUSSION

### 1. The Debtor's Request to Place the City into an Involuntary Bankruptcy is Dismissed with Prejudice.

Although the Debtor has now conceded that he cannot place the City into involuntary bankruptcy, a discussion is still warranted for purposes of making a record. Section 303(a) provides that "[a]n involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced." *Id.* "Section 303(a) provides that involuntary cases can be commenced only against a *person* that may be a debtor under chapter 7 or chapter 11. This implicates several other Bankruptcy Code provisions: the definition of person in section 101(41) and eligibility for chapters 7 and 11 contained in subsections 109(b) and (d), respectively." 2 Collier on Bankruptcy P 303.04 (16th 2019) (emphasis added). Thus, an involuntary case can only be brought against a person under chapters 7 or 11 of the Bankruptcy Code. Generally, a municipality is not a "person" under 11 U.S.C. §101(41). *See* 2 Collier on Bankruptcy P 101.41 (16th 2019). Indeed,

> [o]nly a "person," as defined in section 101, is eligible for relief under chapters 7 and 11, and only an "individual" is eligible for relief under chapter 13. A "municipality" is included in the definition of "governmental unit" in section 101 of the Bankruptcy Code. "Governmental unit" is specifically excluded from the section 101 definition of "person," except for certain limited circumstances. Therefore, even though a particular municipality may be a corporation, which is included in the definition of "person," the municipality still is not a "person" as defined because "governmental unit" is specifically excluded from the definition of "person."

6 Collier on Bankruptcy P 900.02 (16th 2019). As such, a municipality may only file for bankruptcy protection under chapter 9.[2] "Because involuntary cases can be commenced only under chapters 7 and 11, by implication involuntary cases cannot be commenced under chapters 9, 12 and 13... by precluding the filing of an involuntary petition under chapter 9 against a municipality, section 303 cannot be used by disgruntled city contractors to seek revenge against a city to the detriment of the citizenry." 2 Collier on Bankruptcy P 303.03 (16th 2019); *see also In re City of Detroit, Mich.*, 841 F.3d 684, 697 (6th Cir. 2016) ("There is no provision for the appointment of a trustee or examiner, see 11 U.S.C. § 901(a) (excluding application of 11 U.S.C. § 1104), nor is there any provision for involuntary bankruptcy[.] . . . 'Neither the court nor creditors can directly force a liquidation of a municipality's assets in bankruptcy.' [Melissa B. Jacoby, *Federalism Form and Function in the Detroit Bankruptcy*, 33 Yale J. on Reg. 55, 61 (2016)].").

As admitted by the Debtor, the City is a municipality. (Doc. No. 1, ¶ 22). Consequently, it cannot be forced into an involuntary bankruptcy case under any circumstance. As there is absolutely no basis in law or fact to grant the relief requested by the Debtor, the Complaint will be dismissed with prejudice as to the Debtor's request to permit the filing on an involuntary bankruptcy petition against the City.

### 2. Debtor's request to remove his name as owner of the Property on the City's records has been complied with.

In the Debtor's Complaint, he asks the court to enter an order canceling "the record" that Plaintiff is currently the owner of the Property. (Doc. No. 1, p.9). The Debtor asserted that even though the Property was sold at a foreclosure sale the Debtor is still listed as the owner on "official records," and thus is being charged taxes. (Doc. No. 1, p.5, ¶ 10).

As detailed above, in the City's post-hearing certification its Tax Collector certified that the City's tax records were revised to reflect that the Property is no longer owned by the Debtor and that no taxes are owed from the Debtor to the City with regard to the Property. (Doc. No. 12, p.1–2). Thus, the relief requested has been afforded making the Complaint moot as to this issue. The Debtor's reliance on an irrelevant document from the State of New Jersey, Department of

---

[2] "An entity may be a debtor under chapter 9 of this title if and only if such entity ...is a municipality." 11 U.S.C. 109(c)(1).

Treasury, Division of Taxation dated January 10, 2019 purporting to show that the City did not make the recent change holds no weight. The City has convinced the court that it has done what it was asked to do. If the Division of Taxation, is still incorrectly reporting the status, that is on the Division of Taxation unless the Debtor can demonstrate that the City has control over what the Division of Taxation is reporting. He has provided nothing in this regard—not even an allegation about the Division of Taxation. The Complaint must be dismissed as to this issue.

### 3. The Court Lacks Jurisdiction to Hear the Debtor's General Claim, the Section 1983 Claim, and Request for Information

"Bankruptcy jurisdiction extends to four types of title 11 matters: (1) cases **'under'** title 11; (2) proceedings **'arising under'** title 11; (3) proceedings **'arising in'** a case under title 11; and (4) proceedings **'related to'** a case under title 11." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (emphasis added) (citing *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005)). The types of matters fall under two categories, core and non-core proceedings, pursuant to 28 U.S.C. 157. "Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings." *Stoe*, 436 F.3d at 217 (quoting *Combustion Eng'g, Inc.*, 391 F.3d at 225).

Matters "under" title 11 simply refers to the bankruptcy petition itself. *Stoe*, 436 F.3d at 216.

> A case "arises under" title 11 "if it invokes a substantive right provided by title 11." *Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir. 1996). Bankruptcy "arising under" jurisdiction is analogous to 28 U.S.C. § 1331, which provides for original jurisdiction in district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." 1 *Collier on Bankruptcy* § 3.01[4][c][i] at 3–21–22 (15th ed. rev.2005); *see also Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 96–97 (5th Cir. 1987).

*Stoe*, 436 F.3d at 216 ("'arises under'" title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides the substantive right invoked") (internal citations omitted).

> The category of proceedings "arising in" bankruptcy cases "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3–31 (quotations and footnotes omitted). Proceedings "arise in" a bankruptcy case, "if they have no existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 556 (3d Cir. 1999).
> ...
> [C]laims that "arise in" a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case. *See Halper*, 164 F.3d at 836 (proceeding is "core" "if it is a proceeding that, *by its nature*, could arise only in the context of a bankruptcy case") (quotation

omitted) (emphasis added); 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3–31 (noting that "administrative matters" such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts, are the principal constituents of "arising in" jurisdiction, and that "[i]n none of these instances is there a 'cause of action' created by statute, nor could any of the matters illustrated have been the subject of a lawsuit absent the filing of a bankruptcy case)."

*Stoe*, 436 F.3d at 216, 218.

> Finally, a proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see also In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 381 (3d Cir. 2002) (noting that *Pacor* "clearly remains good law in this circuit" in this respect).

*Stoe*, 436 F.3d at 216. "For 'related to' jurisdiction to exist at the post-confirmation stage, 'the claim must affect an integral aspect of the bankruptcy process—there must be a close nexus to the bankruptcy plan or proceeding.'" *Id.* at n.3. (quoting *Binder v. Price Waterhouse & Co*, 372 F.3d 154, 167 (3d Cir. 2004)).

### a. Claim in Complaint

Debtor states that he has many "facts" to show that the City is insolvent and that its officials are acting in unethical ways or as part of an unlawful scheme, especially in regard to property taxes and property transactions. What the Debtor has failed to do is to convince the court, based on his allegations, that it has jurisdiction to hear his claim. The allegations do not support that the claim is a case "under" Title 11. *Stoe*, 436 F.3d at 216. What is more, the allegations do not support that the claim is a claim that "arises under" the Bankruptcy Code nor provide a substantive right invoked in this case. *Stoe*, 436 F.3d at 216, 218. However, the allegations do support that the claim may be brought outside of the context of bankruptcy, and consequently the claim does not solely "arise in" bankruptcy invoking the court's jurisdiction. *Id.* And finally, in this post-confirmation case, based upon the allegations made, the claim has no nexus to, and it does not affect an integral aspect of the bankruptcy process. *Stoe*, 436 F.3d at 216, n.3. The claim has no impact on the Debtor's confirmed plan nor is it essential, or even necessary, to or for his effective reorganization. In the end, the court does not have jurisdiction to consider the claim on the allegations made.

### b. Section 1983 Claim

The court recognizes that the Debtor is *pro se* and as such, will assume the Debtor is attempting to raise a claim under 42 U.S.C. § 1983, and to the extent he is, the court will address it. The claim was not at all raised in his Complaint but instead, only for the first time in his opposition to the Motion. Even then, it is not clear if he is making a claim or using it as justification for his request for information. The Debtor states that Section 1983 prohibits government officials from depriving

individuals of their rights under federal or constitutional law. The Debtor furthers that if an individual's rights are violated, they can bring suit under Section 1983 to recover their damages. Debtor went on to list several "facts" showing the City either incorrectly taxed individuals or acted unethically as to the City's properties and finances. However, he did not explain what rights were violated by the City giving rise to his Section 1983 claim.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

42 U.S.C. § 1983.

To the extent the Debtor is trying to bring a Section 1983 claim in relation to the City's treatment of the Property, the court simply does not have jurisdiction to hear the claim. It is certainly not a case "under" Title 11. Moreover, a Section 1983 claim is its own separate cause of action that does not arise under the Bankruptcy Code nor provide a substantive right invoked in this case. Additionally, based upon the allegations made, clearly this Section 1983 claim may be brought outside of the context of bankruptcy, so the proceeding does not "arise in" bankruptcy warranting jurisdiction.

Finally, the Debtor could not demonstrate that his Section 1983 claim could conceivably have any effect on the estate being administered in his bankruptcy case particularly here at the post-confirmation stage, where the claim must have a nexus to and affect an integral aspect of the bankruptcy process. Recovery of a Section 1983 claim has no impact on the Debtor's confirmed plan nor is it essential, or even necessary to or for his effective reorganization. The outcome of any Section 1983 claim is simply not "related to" the bankruptcy case as contemplated by the Bankruptcy Code. The court does not have jurisdiction to hear a Section 1983 claim in this case.

Likewise, if the Debtor is attempting to bring a Section 1983 claim against the City for its general behavior that the Debtor finds unethical, the court also lack jurisdiction. For the same reasons as stated above, the Debtor's claim does not "arise under" or "arise in" bankruptcy. Additionally, how the City conducts itself has no relation to the Debtor's bankruptcy and cannot be said to be impact an integral aspect of the bankruptcy process. Thus, the court does not have jurisdiction to hear a Section 1983 claim in relation to the City's general conduct that the Debtor might find unethical.

### c. Request for Information

In the Complaint, the Debtor requests the court to order the city to provide the Debtor with "exact and detailed accounting," the "amount of debt as an insolvent corporation/municipality," and information on any criminal or civil wrongdoing by the City, its officers, or any parties it does business with. As all of the claims/request in the Debtor's Complaint have been found to be moot or dismissed, the court has no basis to order the City to produce information to the Debtor.

The court does not have authority to require the City to engage in discovery and produce documents to the Debtor when the Debtor has presented no cause of action or reason to require the discovery. Bankruptcy Rule 7026 states that Rule 26 of the Federal Rules of Civil Procedure applies in bankruptcy cases. Additionally, Federal Rule of Civil Procedure 26(b)(1) provides that [u]nless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (emphasis added). Additionally, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that ... the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, the Debtor has failed to state a claim upon which relief may be granted. Thus, no discovery is "relevant to any party's claim" since the Debtor has no valid claim before the court. Therefore, the court denies the Debtor's request to require the City to turn over information and documents.[3]

---

[3] As proffered by the City during the hearing, the Debtor's requested relief may come by way under New Jersey's Open Public Records Act ("OPRA"). To that end:

> (OPRA) plainly identifies its purpose at the outset: to insure that government records, unless exempted, are readily accessible to citizens of New Jersey for the protection of the public interest. N.J.S.A. 47:1A-1. To accomplish that aim, OPRA sets forth a comprehensive framework for access to public records. Among other things, the Act outlines a swift timeline for disclosure of records and sets forth different procedures to challenge decisions denying access.

*Mason v. City of Hoboken*, 196 N.J. 51, 57, 951 A.2d 1017, 1021 (2008). The Debtor can seek to obtain the information he desires under OPRA. If the City fails to comply, the Debtor has remedies under OPRA. To that end, the Debtor has provided no basis to convince the court that it would have jurisdiction over an OPRA request on the allegations made.

### 4. Dismissal is Warranted as the Debtor has Failed to State a Valid Claim

Even if the court did have jurisdiction to hear the Debtor's requests, he failed to state any cause of action by which the court could grant him relief. Federal Rule of Civil Procedure 12(b)(6), incorporated by Bankruptcy Rule 7012, allows a defendant to assert the defense of "failure to state a claim upon which relief can be granted" by motion.

The Third Circuit has provided a two-part analysis in reviewing a complaint under Rule 12(b)(6). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. Additionally, all reasonable inferences should be drawn in favor of the plaintiff. *Gary v. Air Group, Inc.*, 397 F.3d 183, 186 (3d Cir. 2005). Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d. at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Nevertheless,

> [e]ven if plausibly pled, . . . a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

*Mesadieu v. City of Elizabeth*, No. CV 17-3252, 2019 WL 2385901, at *1 (D.N.J. June 6, 2019).

It is also understood that in lieu of dismissal, the court may grant the Debtor leave to amend a complaint—which is the preferred remedy. However, "it is well established that a Court may refuse to grant leave to amend a complaint where the amendment would be futile." *In re LG Phillips Displays USA, Inc.*, 395 B.R. 864, 870 (Bankr. D. Del. 2008) (citing *Winer Family Trust v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007)). "An amendment is futile when the proposed pleading would not survive a motion to dismiss." *Id.* "Thus, a court 'may properly deny leave to amend where the amendment would not withstand a motion to dismiss.'" *Id.* (quoting *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

The Debtor has not stated a claim in the Complaint for which relief may be granted. The Debtor seeks to force the City into an involuntary bankruptcy case—it cannot be. The Debtor seeks to have the City remove his name from its records with regard to the Property—it has. The Debtor asserts that his claim, including the Section 1983 claim, are matters under, arising under, arising in, and/or related to a case under title 11—they are not. And finally, the court has no basis to require the City to produce discovery when no valid claim exists and/or the court has no jurisdiction to hear any claim. Dismissal of the Complaint in full is warranted.

### 5. The City's Other Relief Requested

In the City's proposed order attached to the Motion it included language that if the Debtor "commences any further actions against the City and/or its retained professionals, and if such actions are dismissed, and/or summary judgment is granted in favor of the City, [Debtor] shall be required to pay the City's costs and expenses incurred in order to defend and respond to such action." (Doc. No. 5-2, p.2). Then again, in the City's reply, it requested that such language be included in the court's order. (Doc. No. 9, p.2–3). The court declines to include this language. As admitted by the City at the hearing on the Motion, as of the time of the filing of the Complaint (and even up to the date of the hearing), the City had still incorrectly listed the Debtor as the Property owner in its records. Thus, the Debtor had a valid reason for bringing a claim on this ground. Therefore, the City's requested relief is denied.

This does not mean the parties cannot seek further relief in future cases if sanctionable conduct occurs.

### CONCLUSION

Based upon the forgoing, the City's motion to dismiss is granted with prejudice. No further relief is afforded to either party.

An appropriate judgment has been entered consistent with this decision.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: January 8, 2020